UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LAYATTE C. WILLIAMS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1115 HEA |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383 (c)(3) of the final decision of Defendant denying Plaintiff's application for supplemental security income (SSI) benefits under Title XVI, 42 U.S.C. §§ 1381 *et seq*. For the reasons set forth below, the Court will reverse and remand the Commissioner's denial of Plaintiff's applications.

**Facts and Background**

On February 10, 2014 Administrative Law Judge David Buell conducted a hearing in the matter. Plaintiff appeared by video to testify. Plaintiff appeared pro se and the ALJ explained that if Plaintiff wanted to secure a representative for the

hearing, it was allowable. Plaintiff opted to secure counsel and the hearing was rescheduled. The hearing resumed on March 31, 2014. The Plaintiff was 36 years old and appeared by video and pro se. Ms. Tosha Jasper, a witness, also appeared. Ms. Beck, the vocational expert, testified at the hearing in person.

Plaintiff testified that he suffers from an inability to fully and functionally use his right knee and right shoulder. He had surgery performed on his right shoulder while he was incarcerated in Federal custody. He was supposed to have surgery performed on his right knee but up to the time of his release from custody, it was never done. The problem with his knee has affected him since 2000. He testified that he has a torn ACL and a right meniscus tear. As a result of these injuries he was not required to work while he was incarcerated. Plaintiff further testified that his knee hurts when he stands on it too much and swells and locks up.

He has had two operations on his shoulder and has limited movement. After the second shoulder surgery he was informed that it should last about seven years. As a result of the passage of time he is now feeling pain and discomfort. He can carry a one gallon container of milk. The Plaintiff indicated that he lives with his fiancé, Ms. Jasper. He is able to do some things such as shopping for groceries, washing dishes, changing the sheets on the bed around the house if needed but prefers to stay off his knee as much as possible. He can drive but only for short

time periods due to his knee injury. He also stated he has prior work experience as a sanitation worker for Corporate Travel Systems.

The ALJ heard testimony from Ms. Beck, a vocational expert. The Vocational Expert testified that upon reviewing the record regarding past employment as a janitor, and limited to performing light work as well as assuming he can stoop, crouch, kneel, and crawl occasionally, cannot climb ladders, ropes, or scaffolds, cannot operate foot controls using the right foot, can only reach overhead with the right arm occasionally and including sitting as much as six hours a day, and standing and walking as much as two hours per day and no need to lift more than 10 pounds, Ms. Beck concluded there were jobs with the requisite restrictions available as a order clerk, weight tester, and ticket checker.

The ALJ concluded that the Plaintiff had the severe impairments of degenerative joint disease of the right knee, obesity and residuals of a right shoulder surgery. The ALJ further concluded Plaintiff was not disabled.

The Appeals Council denied Plaintiff's request for review on June 25, 2015. The decision of the ALJ is now the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by

3

substantial evidence on the record as a whole. The issues in this case are whether the ALJ properly evaluated the credibility of Plaintiff and whether the ALJ properly determined the residual functional capacity of Plaintiff.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R.

§§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant

work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent

6

with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question.

*Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

## ALJ Decision

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful activity through the date of the application, April 4, 2012. The ALJ found at Step Two that Plaintiff had the severe impairments of degenerative joint disease of the right knee, obesity and residuals of a right shoulder surgery. At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to perform less than the full range of light work as defined in 20 CFR 404.1567(b). Plaintiff cannot lift more than 10 pounds; can sit for six of eight hours; stand and walk for two out of eight hours. The ALJ also found that Plaintiff can occasionally stoop, crouch, crawl, and kneel; however he cannot climb ladders, ropes, or scaffolds. He cannot operate foot controls with his right foot; and can only reach overhead with his right arm occasionally.

At Step Four it was the finding of the ALJ that Plaintiff is unable to perform any past relevant work.

Finally, at Step five, the ALJ found that Plaintiff could perform other work that existed in significant numbers in the national economy. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in his Applications.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's

findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

### 1. Did the ALJ properly evaluate the Credibility of Plaintiff?

An ALJ must give reasons if, as in this case, the ALJ does not fully credit the claimant's testimony. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). To analyze subjective complaints, the ALJ considers the entire record, including the medical records, third party and Plaintiff's statements, and such factors as: 1) the claimant's daily activities; 2) the duration, frequency and intensity of pain and other subjective symptoms; 3) dosage, effectiveness, and side effects of medication; 4) precipitating and aggravating factors; and 5) functional restrictions. *See* 20 C.F.R. § 416.929; *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ found that Plaintiff's daily activities were inconsistent with

his subjective allegations. No medical source assessed Plaintiff's exertional limitations. *See Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001). There were no illustrative or illuminative medical records presented at the hearing or secured by the ALJ.

"The fact that [a claimant] tries to maintain her home and does her best to engage in ordinary life activities is not inconsistent with her complaints of pain, and in no way directs a finding [of disability]." *Draper v. Barnhart*, 425 F.3d 1127 (8th Cir. 2005). In *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982), confirmed that the test for disability is whether the claimant has, "the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world."

The ALJ failed to sufficiently explain how Plaintiff's activities of daily living supported a finding that Plaintiff could sustain the exertional requirements of "light to sedentary work" day in and day out in the "real world". This is more than a mere "deficiency in opinion-writing…[which had] no practical effect on the outcome of the case". This was an "incomplete analyses" of the evidence, which should, "serve as a basis for remand." *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005).

**2. Did the ALJ Properly Determine Plaintiff's Residual Functional Capacity?**

The ALJ found that Plaintiff's daily activities were inconsistent with his subjective allegations because he testified he could perform house and yard work, such as mowing the yard, taking out the trash, and household repairs, and was generally able to perform activities of personal care. He cared for his children on weekends and could drive a car. The ALJ concluded from these things that Plaintiff could, "stand and walk for two out of eight hours,". No medical source assessed Plaintiff's exertional limitations. *See Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001).

The ALJ has a, "duty to develop the record fully and fairly," even when the claimant is represented by counsel. *See Wilcutts v. Apfel*, 143 F.3d 1134, 1137-8 (8th Cir. 1998). The ALJ failed to provide sufficient analysis to support his theory that, in the real world, Plaintiff could, "stand and walk for two out of eight hours," day in and day out, with instability of the right knee, a mild-to-moderate limp, reduced strength in the right leg, reduced range of motion in the right knee and with an ACL rupture, medial meniscus tear, chondrosis and subluxation of the right knee.

Here the ALJ failed to make probing inquiry to ascertain the limits, if any, of Plaintiff's functioning.[1] The ALJ failed to ask "probing questions" to determine Plaintiff's exertional limitations, the location, duration, frequency and intensity of

---

[1] The court notes that the record contains several references by the ALJ to the time available to develop the record or the time remaining. One can only conclude that had the emphasis been on developing the record that a different result may hve been achieved at this stage of the proceedings.

Plaintiff's pain or other symptoms, factors that precipitated or aggravated the symptoms and any measures other than treatment Plaintiff used to relieve pain or other symptoms. *See* 20 CFR § 416.929(c); SSR 96-7p. This was not a mere "deficiency in opinion-writing…[which had] no practical effect on the outcome of the case". This was an "incomplete analyses" of the evidence, which should, "serve as a basis for remand." *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005).

## Conclusion

After careful examination of the record, the Court finds the Commissioner's determination as detailed above is not supported by substantial evidence on the record as a whole, and therefore, the decision will be reversed and remanded for further consideration.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is reversed.

**IT IS FURTHER ORDERED** that this matter is remanded to the Commissioner for further consideration of the record.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 22nd day of June, 2016.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE